**CITY OF NEW YORK, as owner of the Brooklyn Bridge, Libelant,**

v.

**McALLISTER BROTHERS, INC.,**
**Respondent,**
**and**
**United States of America,**
**Respondent-Impleaded.**

**THE DOROTHY McALLISTER.**

**THE A. J. McALLISTER.**

United States District Court
S. D. New York.
June 12, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., S.D.N.Y., New York City, for libelant.

Foley & Martin, New York City, for respondent.

EDELSTEIN, District Judge.

The Government moves to sustain its exceptive allegations to the petition of the respondent, McAllister Brothers, Inc., seeking to implead the United States, on the ground of the failure of the respondent to serve "forthwith" a copy of its petition upon the United States under section 2 of the Suits in Admiralty Act, 46 U.S.C. § 742, 46 U.S.C.A. § 742. The

respondent moves to dismiss the libel in the event of a dismissal of the impleading petition, on the ground that the libelant did not make such service.

The City of New York filed a libel against the respondent, on December 18, 1958, for damages to the City's Brooklyn Bridge alleged to have been caused by the negligence of McAllister Brothers, Inc. in towing a floating derrick belonging to the U.S. Navy. On February 25, 1959 the respondent filed an answer denying liability and at 'the same time filed a petition to implead the United States, alleging that any damage sustained by the libelant was the fault of the United States. A copy of the petition was served on the United States Attorney for the Southern District of New York on April 27, 1959, two months and two days after the filing of the petition, and a copy was also mailed to the Attorney General of the United States by registered mail on April 29, 1959, two months and four days after the filing of the petition.

The United States has waived its sovereign immunity to suit, either by libel or by impleading petition, for damages caused by a public vessel of the United States. Section 1 of the Public Vessels Act, 46 U.S.C. § 781, 46 U.S.C.A. § 781. Section 2, 46 U.S.C. § 782, 46 U.S.C.A. § 782, provides that "such suits shall be subject to and proceed in accordance with the provisions of chapter 20 of this title * * *", which is the Suits in Admiralty Act, 46 U.S.C. §§ 741–752, 46 U.S.C.A. §§ 741–752. Section 2 of the Suits in Admiralty Act, 46 U.S.C. § 742, 46 U.S.C.A. § 742, provides the bringing of a libel in personam against the United States, and prescribes valid service on the United States by means of the service *"forthwith"* by the *"libellant"* of a copy of his *"libel"* on the United States Attorney and the mailing of a copy by registered mail to the Attorney General of the United States.

 It is hornbook law that statutes waiving sovereign immunity are to be strictly construed. And whatever the definition of "forthwith", see Dickerman ·

v. Northern Trust Co., 176 U.S. 181, 193, 20 S.Ct. 311, 44 L.Ed. 423; Margiotta v. District Director of Internal Revenue, 2 Cir., 214 F.2d 518, 521; Marich v. United States, D.C., 84 F.Supp. 829, 832; California Casualty Indemnity Exchange v. United States, D.C., 74 F.Supp. 404, 407, it cannot be stretched to include a delay of over two months. The respondent's principal argument, however, is that a literal reading of 46 U.S.C.A. § 742 requires the "libelant" to make "forthwith" service. But this is a strained argument. Section 781 of Title 46 authorizes suit against the United States either by libel or by impleading petition, and 46 U.S.C. § 742, 46 U.S.C.A. § 742, merely defines the means of bringing the United States before the court in accordance with its consent. It is true that "libelant" is directed to effect this end by the means specified, but unless the term also includes the impleading petitioner the authorization of suit by impleading petition to be effected by the means specified would be less than meaningful. And inasmuch as the libelant in its judgment did not sue the United States, it would be strange indeed to require it to serve the United States, notwithstanding any ultimate adjudication of liability between these parties under Admiralty Rule 56, 28 U.S.C.A. Indeed, as the respondent's brief points out, section 2 of the Public Vessels Act provides for the applicability of the terms of the Suits in Admiralty Act "insofar as the same are not inconsistent herewith * * *", 46 U.S.C. § 782, 46 U.S.C.A. § 782, and it would obviously be inconsistent to require a libelant to serve his libel on the United States Attorney and the Attorney General when the United States is brought into the action by a petition rather than by a libel.

██ This is a case of regrettable oversight on the part of the respondent. But the United States Attorney has no power to waive any conditions or limitations imposed by statute for suits against the United States. Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 82 L.Ed. 633. Nor is it relevant that

the United States is in no way prejudiced by the delay, for there has been noncompliance with a statute waiving sovereign immunity.

The motion of the United States is granted and the motion of the respondent is denied.