Anthony **SPINALE**, Chain Trucking Corp., Mr. Sprout, Inc., and Countrywide Produce, Plaintiffs,

v.

**U.S. DEPARTMENT OF AGRICULTURE,**
Defendant.

**No. 08 Civ. 9324 (CM).**

United States District Court,
S.D. New York.

April 2, 2009.

---

Linda Strumpf, Law Offices of Linda Strumpf, South Salem, NY, for Plaintiffs.

Carolina A. Fornos, U.S. Attorney's Office, New York, NY, for Defendant.

### Order Granting Defendant's Motion to Dismiss Complaint

McMAHON, District Judge.

Plaintiffs Anthony Spinale ("Spinale"), Chain Trucking Corp., Mr. Sprout Inc., and Countrywide Produce (collectively, "Plaintiffs") bring this action against the United States Department of Agriculture ("USDA"), alleging defamation, deprivation of USDA inspection rights in violation of 42 U.S.C. § 1983, as well as retaliation for Spinale's exercise of his First Amendment rights. For the reasons below, Plaintiffs' claims are dismissed with prejudice.

### *Factual Background*

#### A. The USDA Inspection Services

The Agricultural Marketing Act of 1946 (the "Act"), 7 U.S.C. § 1621 *et seq.*, authorizes the inspection, certification, and identification as to class, quality, quantity and condition of agricultural products when shipped or received in interstate commerce, 7 U.S.C. § 1622(h)(1)(2009). The Act authorizes the Secretary of Agriculture to prescribe rules and regulations for these inspections, and the assessment and collection of fees "to cover the cost of the service rendered." *Id.* The stated purpose of this provision is so that "agricultural products may be marketed to the best advantage, that trading may be facilitated,

and that consumers may be able to obtain the quality product which they desire, except that no person shall be required to use the service authorized by this subsection." *Id.*

These inspection services are delegated to the Agricultural Marketing Service ("AMS"), which is a constituent agency of the USDA. 7 C.F.R. § 51.1(a). As the statute provides that "no person shall be required to use" the inspection service, 7 U.S.C. § 1622(h), the regulations provide that "[a]n application for inspection service may be made by any interested party," 7 C.F.R. § 51.5. Plaintiffs have requested this service. Compl. ¶¶ 14–15, 19(c), 21.

## B. Denial and Withdrawal of Inspection Services

In addition to providing for inspection services, the rules and regulations also provide for the rejection of applications "when it appears that to perform the inspection and certification service would not be in the best interest of the Government." 7 C.F.R. § 51.9. Additionally, the regulations provide that the denial of inspection services may be denied to any person for "any interference with or obstruction of any inspector or official sampler in the performance of his duties, by intimidation, threat, assault or any other improper means." 7 C.F.R. § 51.46(c). The USDA has broad statutory discretion to determine when withdrawal of services is proper, and the regulations specifically provide that the USDA "may withdraw grading or inspection service from a person for correctable cause. The grading or inspection service withdrawn, after appropriate corrective action is taken, will be restored immediately, or as soon thereafter as a grader or inspector can be made available." 7 C.F.R. § 50.11(a).

## C. The August 2, 2007 USDA Letter Withdrawing Inspection Services to Plaintiffs

On August 2, 2007, AMS issued a letter addressed to Spinale (the "USDA Letter"), informing him that it was withdrawing inspection services to Chain Trucking Corporation, Country Wide Produce, Inc., and Mr. Sprout, Inc., "to protect the interests of the Federal Government." Compl., Ex. A. The withdrawal was effective immediately and "for a period of such time as the circumstances causing withdrawal (*i.e.*, intimidation and harassment of grading or inspection service employees) can be shown as corrected." Id. The USDA Letter expressly stated as follows:

> Inspection services are being withdrawn because your actions at the companies specified in this letter interfere with the inspectors' ability to perform their job duties. You have allowed a dog to roam freely in the area where inspectors are performing their duties which interferes with the inspection services. In addition to the presence of the dog, the type of conduct includes, but is not limited to, you, your employees or your agents making derogatory comments to inspectors, throwing objects at inspectors, constant verbal comments that interfere with the inspector, and requests for inspectors to do actions outside their job duties. These actions constitute interference and obstruction of an inspection while performing their duties by intimidation, threat, assault or any other improper means.

*Id.* The USDA Letter also expressly set forth how Plaintiffs could have their inspection services restored:

> In order to have inspection services restored, you must agree in writing that you, your employees and your agents will stop any conduct that interferes with the ability of the inspectors to per-

form their job duties. The conduct that must stop includes, but is not limited to: verbally abusing and making derogatory comments to inspectors; throwing objects at the inspectors; constantly asking inspector's questions that have nothing to do with the inspection taking place; allowing the dog in question on any of the premises where inspection services are provided; and any other provocative behavior towards the inspectors. In addition, you must not be present during any inspection and must prohibit company staff from interfering with inspectors.

*Id.*

Although the USDA Letter expressly stated that Plaintiffs could have their inspection services restored if they simply agreed in writing to stop such conduct, Plaintiffs claim that the statements in the USDA Letter are malicious, false, and defamatory, and that the withdrawal of inspection services was solely in response to numerous advertisements Spinale had published against the USDA, dating back to 2005. Plaintiffs further demanded that inspectors submit to polygraph testing.

Shortly after the USDA Letter, on or about August 31, 2007, Spinale filed suit in state court against several USDA inspectors alleging that USDA inspectors made false and malicious statements. That action was subsequently removed to this Court on October 10, 2007, it withdrawn on or about December 24, 2007, after Plaintiffs learned that the case could not proceed because they failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). Having now exhausted their administrative remedies, Plaintiffs now renew their action.

On or about January 23, 2008, Plaintiffs filed an FTCA administrative claim for damages against the USDA, alleging that the USDA "negligently and knowingly vio-lated 42 U.S.C. § 1983 against Plaintiffs, by depriving them of their right to USDA inspections and by wrongfully withdrawing inspection services" from Plaintiffs. Compl. ¶¶ 27–28. Plaintiffs further alleged that "the torts committed by the USDA resulted in injury to Plaintiffs in the sum of $584,800.00." *Id.* ¶ 29. As six months have passed since Plaintiffs filed their notice of claim, *see* 28 U.S.C. § 2675, Plaintiffs filed the present action against the USDA.

### *Discussion:*

### I. SUMMARY

All of Plaintiffs' claims are dismissed with prejudice.

First, the United States, and its agencies, have not waived sovereign immunity for intentional tort claims under the FTCA. Accordingly, Plaintiffs' defamation claim is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Second, Plaintiffs have not stated a claim for deprivation of inspection rights under 42 U.S.C. Section 1983, as that section is limited to persons acting under color of *state* law, and so does not apply to the USDA, a *federal* agency. To the extent Plaintiffs' Section 1983 claim is construed as a constitutional tort claim arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), sovereign immunity bars such claims against the United States, its agencies, and federal officers acting in their official capacities. Thus, Plaintiffs' Section 1983 claims is dismissed for failure to state a claim upon which relief can be granted, and any constitutional tort claims against the USDA for deprivation of inspection services is dismissed for lack of subject matter jurisdiction.

Third, Plaintiffs' allegations against the USDA for retaliation due to Spinale's exercise of his First Amendment rights are also dismissed for lack of subject matter jurisdiction as there is no waiver of sovereign immunity for constitutional tort claims against federal agencies.

## II. PLAINTIFFS' DEFAMATION CLAIM AGAINST THE USDA IS DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Applicable Legal Standard for Rule 12(b)(1) Motion to Dismiss

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, plaintiff carries the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists over his complaint. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996) ("The burden of proving jurisdiction is on the party asserting it."); *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir.1993) ("[Plaintiff], as the party asserting jurisdiction, bears the burden of showing that the case is properly before the court."); *Beacon Enters. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983) ("plaintiff ... bore the ultimate burden of proving the court's jurisdiction by a preponderance of the evidence"). In considering challenges to subject matter jurisdiction under Rule 12(b)(1), this Court may consider evidence extrinsic to the pleadings, such as affidavits, documents and testimony. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986).

### B. The USDA Has Not Waived Sovereign Immunity for Intentional Tort Claims

Plaintiffs allege that USDA inspectors "maliciously lied to Robert C. Keeney, USDA Withdrawal Officer or were instructed to lie" (Compl. ¶¶ 37, 38, 40–43, 71), and that the statements in the USDA Letter are "false and defamatory" and were "maliciously" passed on to Mr. Keeney (Compl. ¶ 48). As such, Plaintiffs bring this action alleging defamation under the Federal Tort Claims Act ("FTCA"). Plaintiffs' claims against the USDA, however, are dismissed for several reasons.

First, the only proper defendant in an FTCA action is the United States, and not a federal agency or individual employees of a federal agency such as the USDA. *See* 28 U.S.C. § 2679(b)(1).

Second, even if Plaintiffs had named the United States as a defendant, Plaintiffs' claim of defamation, an intentional tort, is barred by the doctrine of sovereign immunity. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *accord United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). This protection applies not only to the United States *per se*, but also to "a federal agency or federal officers [acting] in their official capacities," because an action against them is "essentially a suit against the United States." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994). Moreover, courts may not find Congress to have waived sovereign immunity unless Congress has " 'unequivocally expressed' [the waiver] in statutory text." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992)); *accord United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). It is Plaintiffs' burden to demonstrate that sovereign immunity has been waived. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). In the absence of an

applicable waiver, this Court lacks jurisdiction over such claims. *See id.*

Plaintiffs argue that the USDA cannot invoke sovereign immunity where evidence is presented that there was defamation. *See* Opp. Br. at 8–9. Plaintiffs submitted a video of an inspection and polygraph results to this Court that allegedly demonstrate that the allegations in the USDA Letter are false. See Spinale Decl. ¶¶ 5–6 Exs. A, B. However, even if this Court were to assume that the USDA had defamed Spinale, it does not change the fact that Congress has not seen fit to waive sovereign immunity for intentional torts. *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."); *accord United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Defamation is an intentional tort.

The FTCA's waiver of sovereign immunity for certain claims expressly bars waiver for claims of slander and libel. Specifically, 28 U.S.C. § 2680(h) provides that the provisions of the FTCA "shall not apply" to "[a]ny claim arising out of ... libel, slander, misrepresentation, deceit." *Id.;* *see also B & A Marine v. American Foreign Shipping,* 23 F.3d 709, 715 (2d Cir. 1994) (holding that 28 U.S.C. § 2680 mandates exclusion of libel actions even where plaintiff is left without a remedy). Therefore, this Court lacks subject matter jurisdiction over Plaintiffs' claims of defamation, false or malicious statements, or libel against the USDA.

■ The Second Circuit recognizes that the "defamation plus" or "stigma plus" doctrine enables a plaintiff, in limited circumstances, to seek relief for government defamation under federal constitutional law. *See Sadallah v. City of Utica,* 383

F.3d 34, 38 (2d Cir.2004). However, Plaintiffs have not sufficiently pled such a claim.

[7] To prevail on this doctrine, Plaintiffs must plead "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiffs status or rights." *Id.* (internal quotations and citations omitted). The USDA's conditional withdrawal of inspection is neither an utterance "sufficiently derogatory" to injure Plaintiffs' reputation, nor a state-imposed alteration of Plaintiffs' rights.

■ First, the USDA Letter at issue is not sufficiently derogatory as to injure Plaintiffs' reputation. That letter was written and sent only to Plaintiff The act of defamation requires publication—to the public—of such statements. Private correspondence between the USDA and Plaintiffs cannot, by definition, be defamatory—even if the letter is untrue. *See Sadallah,* 383 F.3d at 38 (discussing public statements about plaintiffs).

■ Second, the conditional withdrawal of inspection services is not an impairment of a legal right or status sufficient to make out a constitutional violation under the defamation plus or stigma plus doctrine. The Agricultural Marketing Act of 1946 (the "Act"), 7 U.S.C. § 1621 *et seq.,* authorizes the inspection of agricultural products when shipped or received in interstate commerce, but expressly provides that "no person shall be required to use the service authorized by this subsection." 7 U.S.C. § 1622(h)(1); *accord* 7 C.F.R. § 51.5 ("An application for inspection service *may* be made by any interested party" (emphasis added)). Another judge of This Court previously rejected Spinale's argument that withdrawal of such services amounted to a

violation of his constitutional right to due process concluding, "Plaintiffs generally do not have legitimate claims of entitlement to government benefits (such as AMS inspection services) that are awarded in the government's discretion." *Tray–Wrap, Inc. v. Veneman,* 02 Civ. 6898(RCC), 2004 WL 2346619, at *4 (S.D.N.Y. Oct. 18, 2004).

■■■ Case law addressing the "plus" aspect of the stigma plus doctrine explains that "even where a plaintiff's allegations would be sufficient to demonstrate a government-imposed stigma, such defamation is not, absent more, a deprivation of a liberty or property interest protected by due process." *Sadallah,* 383 F.3d at 38. Burdens that can satisfy the "plus" prong under this doctrine include the deprivation of plaintiffs property, employment, and direct interference with plaintiffs business. *Id.* (citing cases). Here, as explained above, Plaintiffs are not constitutionally entitled to USDA inspection services, which are not even required by the Act. Moreover, reinstatement of such services is within the control of Plaintiffs, as the USDA has expressly stated that inspection services can be restored to Plaintiffs as soon as they agree in writing that Plaintiffs "will stop any conduct that interferes with the ability of the inspectors to perform their job duties." USDA Letter, Compl., Ex. A.

## III. PLAINTIFFS' CONSTITUTIONAL TORT CLAIMS AGAINST THE USDA UNDER 42 U.S.C. § 1983 FOR DEPRIVATION OF INSPECTION SERVICES ARE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Applicable Legal Standard for Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim, this Court accepts plaintiff's allegations as true, together with such reasonable inferences as may be drawn in plaintiff's favor. *See Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Nevertheless, plaintiff must set forth enough information to suggest that relief would be based on some recognized legal theory." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 687 F.Supp. 832, 836 (S.D.N.Y.1988). The court "has no obligation to create, unaided by the plaintiff, new legal theories to support a complaint." *Id.* (citation omitted).

### B. Section 1983 Does Not Apply to Federal Actors

Plaintiffs argue that the USDA has deprived them of inspection rights, in violation of 42 U.S.C. Section 1983, and premise jurisdiction on this section. Compl. ¶¶ 19(c), 28, 48, 60. Plaintiffs further allege that the USDA's withdrawal of inspection services was "solely as retaliation against Mr. Spinale, because he exercised his First Amendment rights, which is a violation of 42 U.S.C. § 1983." Compl. ¶ 48.

■■■ Section 1983, only, provides a cause of action for the deprivation of constitutional rights committed by a person acting under color of *state* law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Thus, a Section 1983 action "cannot lie against federal officers." *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 4 (2d Cir.1991).

■■■ Where a plaintiff brings a Section 1983 claim against federal defendants in error, the proper course of action is to construe the complaint as stating a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Robinson,* 21 F.3d at 510. Courts apply the same sub-

stantive standards to *Bivens* and Section 1983 claims. *See Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir.1995) ("federal courts have typically incorporated § 1983 law into *Bivens* actions"). Accordingly, Plaintiffs' Section 1983 claims are construed as *Bivens* claims.

## IV. PLAINTIFFS' CONSTITUTIONAL TORT CLAIMS UNDER *BIVENS* AGAINST THE USDA FOR DEPRIVATION OF INSPECTION SERVICES ARE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

 To the extent Plaintiffs' claims are construed as *Bivens* claims, however, sovereign immunity bars such claims against the United States, its agencies, and against federal officers in their official capacities. As previously noted, "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block,* 461 U.S. at 287, 103 S.Ct. 1811; *accord Robinson,* 21 F.3d at 510 (same). This protection applies not only to the United States *per se,* but also to "a federal agency or federal officers [acting] in their official capacities," because an action against them is "essentially a suit against the United States." *Id.* It is well-settled that the United States has not waived its sovereign immunity as to constitutional tort claims for money damages. *Robinson,* 21 F.3d at 510. Although Congress, in the FTCA, adopted a narrow waiver of sovereign immunity for certain *common law* tort claims, it did not provide a waiver of sovereign immunity for *constitutional* claims. "Congress has not waived the government's sovereign immunity, for example under the Federal Tort Claims Act .... from lawsuits based on constitutional claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999).

As a result, constitutional claims for damages brought against the United States are "routinely dismissed for lack of subject matter jurisdiction" on the grounds of sovereign immunity. *Keene Corp. v. United States,* 700 F.2d 836, 845 n. 13 (2d Cir.1983); *see also Adeleke,* 355 F.3d at 151–53 (affirming dismissal of due process damages claim against the United States on the basis of sovereign immunity); *Robinson,* 21 F.3d at 510 (affirming dismissal of constitutional damages claims against federal employees in their official capacity on the basis of sovereign immunity).

Accordingly, Plaintiffs' constitutional tort claims against the USDA for deprivation of inspection services are dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## V. PLAINTIFFS' CLAIMS FOR FIRST AMENDMENT RETALIATION ARE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM

 Plaintiffs allege that the USDA withdrew inspection services "solely as retaliation against Mr. Spinale, because he exercised his First Amendment rights." Compl. ¶¶ 48, 49–50, 52, 60. Spinale "exercised his First Amendment rights by publishing announcements regarding the USDA's present corruption," and did so "in The Packer Newspaper, a trade newspaper[,] on November 17, 2005, August 14, 2006, December 11, 2006, May 14, 2007, July 30, 2007, January 14, 2008, and published an additional advertisement dated February 14, 2008." Compl. ¶ 49. As previously noted, this claim must be dismissed for lack of any waiver of sovereign immunity. *See supra* Part III.

*Conclusion*:

The Complaint is dismissed with prejudice. The Clerk of the Court is directed to close the file.