SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

ABSOLUTEFUTURE.COM, Graham Andrews, Edward A. Durante, also known as Ed Simmons, Berksire Capital Partners, Inc., Commonwealth Associates, Ltd., Dottenhoff Financial Ltd., Galton, Scott & Golett, Inc., Zimenn Importing and Exporting, Inc., Commonwealth Partners, NY, LLC, Eugene C. Geiger, Alfred Peeper, Oriental New Investments, Ltd., Orientstar Finance, Ltd., Exchange Bank and Trust, Inc., VJV Inc., Defendants,

v.

Roger DeTrano, Defendant–Appellant,

U.S. Attorney, Intervenor–Plaintiff.

Docket No. 03–6179.

United States Court of Appeals, Second Circuit.

Argued: Sept. 28, 2004.

Decided: Dec. 14, 2004.

Roger M. DeTrano, Otisville, NY, for Defendant–Appellant, pro se.

Giovanni P. Prezioso, Jacob H. Stillman, Rada Lynn Potts, Susan K. Straus, Meyer Eisenberg, Washington, DC, for Plaintiff–Appellee.

Before: CARDAMONE, POOLER, and WESLEY, Circuit Judges.

**PER CURIAM.**

Defendant-appellant Roger DeTrano appeals from the January 22, 2003 judgment of the United States District Court for the Southern District of New York (Schwartz, *J.*), ordering defendant-appellant's disgorgement of $494,694.82. Between December 1999 and April 2000, DeTrano, in concert with other defendants, engaged in a scheme to manipulate the stock price of AbsoluteFuture.com ("AFTI"). DeTrano received over $400,000 from this manipulation, including $160,694.64 that he obtained from trading in the account of defendant Commonwealth Partners ("Commonwealth"), and $150,000 that he subsequently transferred to AFTI.

Plaintiff-appellee, the Securities and Exchange Commission ("Commission"), filed civil suit and criminal charges against defendants for numerous violations of securities laws and regulations arising from the manipulative scheme. DeTrano pleaded guilty to securities fraud, was sentenced to serve 70 months, and is currently incarcerated. In the civil suit, after failure of any defendants to contest charges, the Commission moved for default judgment. Over DeTrano's objection, the district court entered judgment against defendants, ordering, *inter alia*, DeTrano's disgorgement of $401,111.61 in profits from the manipulative scheme, plus $93,583.21 in prejudgment interest. The district court further provided that DeTrano is jointly and severally liable with defendant Commonwealth for $198,187.50 of the total $494,694.82, but is not jointly and severally liable with defendant AFTI for any portion of his liability. DeTrano now appeals.

## DISCUSSION

■ DeTrano raises several arguments on appeal, most of which are addressed in our summary order, issued today, affirm-

ing the district court's judgment in part. The sole issue that we address in this opinion is DeTrano's argument that because both he and AFTI are severally and not jointly liable for the $150,000 that he transferred to AFTI, that amount is thereby double-counted. In other words, under the present judgment of the district court, DeTrano must disgorge the $150,000 that he transferred to AFTI, and AFTI must disgorge the $150,000 it received from DeTrano, even though the liability of each is based on the same $150,000. DeTrano asks that his liability be reduced by $150,000, plus applicable interest, to correct this inequity.

We agree with DeTrano's reasoning, but not his result. We review the imposition and calculation of disgorgement liability for abuse of discretion. *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474–75 (2d Cir.1996); *SEC v. Lorin*, 76 F.3d 458, 462 (2d Cir.1996). Here, the award is based on impermissible double-counting. We therefore hold that $150,000, plus interest, of DeTrano's total disgorgement should be joint and several with AFTI.

■ This result is consistent with previous decisions of this Court. In particular, in *First Jersey*, this Court affirmed the district court's order of joint and several disgorgement against First Jersey and its sole owner. 101 F.3d at 1475–76. In finding that the district court did not abuse its discretion, this Court noted with approval that "[n]o more than the total amount of First Jersey's unlawful profits, plus interest on those amounts, is to be disgorged." *Id.* at 1476. While First Jersey and its owner were more closely related than DeTrano and AFTI, we find the basic rationale underlying *First Jersey* to be equally apposite here. That is, it is well settled that the amount of disgorgement, as an equitable remedy, is determined by the amount of profit realized by the defendant.

*See SEC v. Patel*, 61 F.3d 137, 139 (2d Cir.1995). It is only logical that the total disgorgement of multiple defendants be determined by the total amount of profit realized by those defendants.

■ It is true that the primary purpose of disgorgement is to correct unjust enrichment, rather than to compensate investors. *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 102 (2d Cir.1978). Based on this logic, this Court has upheld a district court's order of disgorgement of a defendant's profits resulting from transactions with other parties to the securities fraud, even though such profits came at the expense of those other parties, rather than the investing public. *Id.* As part of the rationale for this holding, this Court noted that the disgorgement liability in that case was several and not joint. *Id.*

At first blush, *Commonwealth Chemical* might seem to be inconsistent with our holding today. This is not the case. *Commonwealth Chemical*'s approval of non-joint liability, in full accordance with the equities of the circumstances, merely suggests that a party to the fraud should not be liable for a profit that was in fact realized at its expense. Here, however, we are dealing not with any transaction between defendants that generated a profit, but with successive ownership of profits already realized. Therefore, the equitable considerations that led to our approval of non-joint liability in *Commonwealth Chemical* do not arise in this case.

Finally, the result we reach today is consistent with the district court's treatment of the liability of Commonwealth and DeTrano. The district court held Commonwealth and DeTrano jointly and severally liable for the profits realized by DeTrano through an account held in the name of Commonwealth. That is, where profits were held first by one defendant and then by another, the district court

imposed joint and several liability. In light of this fact, we believe that the failure of the district court to make DeTrano's liability for the $150,000 in question joint and several with AFTI was likely a simple oversight.

■ We therefore extend *First Jersey* and hold that when the profits of multiple defendants are to be disgorged, the total disgorgement amount cannot exceed the combined profits of the defendants. Within this limitation, the trial court retains its traditional discretion to formulate a disgorgement remedy. For example, it can achieve this result by making each party severally but not jointly liable for its equitable share of the combined profits, as in *Commonwealth Chemical,* or by imposing joint and several liability for combined profits on collaborating or closely related parties, as we now hold is appropriate here.

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court as to the cumulative nature of DeTrano's and AFTI's liability for $150,000, plus prejudgment interest, of their respective total disgorgements. We direct the district court on remand to provide that DeTrano shall be jointly and severally liable with AFTI for $150,000, plus prejudgment interest, of his total disgorgement of $494,694.82.

Conversely, AFTI shall be jointly and severally liable with DeTrano for $150,000, plus prejudgment interest, of its total disgorgement of $1,026,093.91.