23-1221-cv
*Brightman v. InMode, Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

DR. LORI A. BRIGHTMAN, AN INDIVIDUAL,

> *Plaintiff-Appellant*,

v.                                                                    23-1221-cv

INMODE LTD., A FOREIGN LIMITED LIABILITY CORPORATION,

> *Defendant-Appellee.*\*

_____

For Plaintiff-Appellant:          JOSHUA T. REITZAS, Berlandi Nussbaum & Reitzas LLP, New York, NY.

For Defendant-Appellee:          BRIAN D. KOOSED, K&L Gates LLP, Washington, D.C., Tre A. Holloway, K&L Gates LLP, Charleston, SC.

---

\* The Clerk of Court is respectfully directed to amend the caption to conform to the above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Dr. Lori A. Brightman ("Brightman") appeals the district court's August 14, 2023 judgment dismissing without prejudice her claims against InMode Ltd., a foreign limited liability corporation ("InMode"). Brightman alleges that InMode hired her to conduct clinical trials and promote its products in return for stock options via a 2009 email. Brightman subsequently signed a written agreement ("the 2010 Agreement") containing a merger clause, a requirement that stock option awards be in writing, and a clause designating Israel as the appropriate forum for any related disputes. Before the district court, Brightman claimed that InMode and its leadership fraudulently induced her into the agreement, that the parties entered two other unwritten agreements for additional options, and that she never received any of the options she earned. The district court determined that the forum selection clause in the 2010 Agreement covered all of Brightman's claims and dismissed the complaint in accord with the *forum non conveniens* doctrine. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"For reasons of international commerce, comity, and general principles of contract law, forum selection clauses are presumptively valid." *J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 181 F.3d 82 (2d Cir. 1999). They "should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances or unless the forum selection clause was invalid for such reasons as fraud or overreaching." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720–21 (2d Cir. 2013) (internal quotation marks and citation omitted). "[T]he

appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).

"Where the district court has relied on pleadings and affidavits to grant a Rule 12(b)(3) motion to dismiss on the basis of a forum selection clause, our review is *de novo*." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). The legal standard for determining whether a district court properly found that a forum selection clause requires dismissal for *forum non conveniens* involves a well-established "four-part analysis." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). "We ask: (1) 'whether the clause was reasonably communicated to the party resisting enforcement'; (2) whether the clause is 'mandatory or permissive, *i.e.*, . . . whether the parties are required to bring any dispute to the designated forum or simply *permitted* to do so'; and (3) 'whether the claims and parties involved in the suit are subject to the forum selection clause.'" *Id.* (quoting *Phillips*, 494 F.3d at 383 (emphasis in original)). "If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." *Id.* "A party can overcome this presumption only by (4) 'making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* (quoting *Phillips*, 494 F.3d at 383–84).

In this case, the district court found that "the parties do not dispute that the presumption of enforceability applies to the forum selection clause contained in the 2010 Agreement." A164. This finding resulted from the fact that Brightman never argued the clause did not cover her claims; she focused her opposition to dismissal on the theory that she had been fraudulently induced into signing the agreement that contained the clause. On appeal, she argues—for the first time—that

3

the forum selection clause in the 2010 Agreement did not apply to her claims related to options allegedly awarded via the unwritten agreements. But "[t]he law in this Circuit is clear that where a party . . . advances arguments available but not pressed below, waiver will bar raising the issue on appeal." *Torcivia v. Suffolk Cnty. N.Y.*, 17 F.4th 342, 367 (2d Cir. 2021) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 393 F.3d 96, 124 n.29 (2d Cir. 2005)). We decline to excuse her waiver.

In briefing her appeal, Brightman presented additional arguments seeking to invalidate the 2010 Agreement—and the forum selection clause therein—for want of consideration or based on a theory of fraudulent inducement. But at oral argument, Brightman conceded that "the forum selection clause contained in the 2010 Stock Option Agreement does apply to the April 5, 2009 Agreement." Oral Arg. 00:31–47. Considering this concession, we affirm the district court's well-reasoned decision to dismiss the case under the *forum non conveniens* doctrine.

\* \* \*

We have considered Brightman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4