**DISABILITY ADVOCATES, INC. and J.R., Plaintiffs–Appellants,**

v.

**James W. MCMAHON, Superintendent New York State Police, Defendant–Appellee.**

No. 03–7834.

United States Court of Appeals, Second Circuit.

Feb. 23, 2005.

Timothy A. Clune, Disability Advocates, Inc., Albany, NY, for Appellant.

Evelyn M. Tenenbaum, Assistant Solicitor General, Albany, N.Y. (Eliot Spitzer, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General, on the brief, Albany, NY), for Appellee.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

*SUMMARY ORDER*

Disability Advocates, Inc. and one of its constituents, anonymously designated "JR," (collectively "JR") appeal a ruling of the United States District Court for the Northern District of New York (Hurd, *J.*), dismissing the complaint against James W. McMahon, Superintendent of the New York State Police ("NYSP"), on summary judgment. *See Disability Advocates, Inc. v. McMahon,* 279 F.Supp.2d 158 (N.D.N.Y. 2003). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

JR contends that her rights were violated by the NYSP's practice of recording as an arrest (for strictly internal purposes) a mental health detention pursuant to New York Mental Hygiene Law § 9.41 ("NYMHL § 9.41"). JR invokes Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794, the

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of    New York, sitting by designation.

Equal Protection Clause, and the Due Process Clause.

"We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Elec. Inspectors, Inc. v. Vill. of E. Hills,* 320 F.3d 110, 117 (2d Cir.2002). "A district court must grant a motion for summary judgment if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). The district court appropriately dismissed JR's claims.

To establish a prima facie violation of the ADA and Rehabilitation Act, plaintiffs "must demonstrate that (1) they are 'qualified individuals' with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d Cir.2003). The district court assumed that JR is a person with a disability within the meaning of the ADA and the parties agree that the NYSP is subject to the ADA. "To establish discrimination under ... the ADA, plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Tsombanidis v. W. Haven Fire Dep't,* 352 F.3d 565, 573 (2d Cir.2003). JR's allegations do not satisfy any of these theories.

■ JR has not, with respect to disparate treatment, introduced evidence of intent sufficient to create a genuine issue of fact as to whether the NYSP's policy is intentionally discriminatory. Nor has she introduced evidence which would allow us even to assess the validity of any possible disparate impact claim. *Cf. id.* at 576 (re-

versing district court on a disparate impact claim because "there must be some analytical mechanism to determine disproportionate impact" and the plaintiffs had suggested none). Judge Jacobs is of the view that JR does not complain of a denial of benefits, and that JR's claim therefore cannot be construed as challenging a failure to make reasonable accommodations. Judge Calabresi is of the view that, because New York's mental health pick-up program extends only to the disabled or those who would likely be regarded as disabled, *see* 42 U.S.C. § 12102(2), JR's reasonable accommodation claim fails under our decisions in *Doe v. Pfrommer,* 148 F.3d 73, 81–84 (2d Cir.1998) and *Rodriguez by Rodriguez v. City of New York,* 197 F.3d 611, 618 (2d Cir.1999). Finally, Judge Rakoff is of the view that JR's reasonable accommodation claim fails on the ground that JR has not demonstrated any harm caused by defendant's policy. *See, e.g., Aiken v. Nixon,* 236 F.Supp.2d 211, 224 (N.D.N.Y.2002) (Disability Advocates has standing only if it can meet the traditional test of associational standing requiring that at least one of its members has suffered a concrete injury such that the member could bring suit herself); *see also Rubenstein v. Benedictine Hosp.,* 790 F.Supp. 396, 407–08 (N.D.N.Y.1992) (noting that constitutional standing requires some injury in fact, but finding that Disability Advocates need not show injury to itself). We unanimously affirm, but since there is no majority view, our views taken together do not amount to a holding or precedent.

■ "Where disability discrimination is at issue, the Fourteenth Amendment only proscribes government conduct for which there is no rational relationship between the disparity of treatment and some legitimate governmental purpose. Indeed, so long as a state's disparate actions are ra-

tionally related to a legitimate purpose, no Fourteenth Amendment violation is presented even if the actions are done quite hard headedly or hardheartedly." *Garcia v. State Univ. of N.Y. Health Scis. Ctr.,* 280 F.3d 98, 109 (2d Cir.2001) (internal citations, quotation marks, and alterations omitted). JR complains that the NYSP has no rational basis for designating a NYMHL § 9.41 detention as an "arrest." However, NYMHL § 9.41 does grant the NYSP the legal authority to arrest. *See* Black's Law Dictionary (7th ed.1999) ("arrest" defined as a "seizure or forcible restraint"). The NYSP has a rational basis for designating an arrest as an arrest, even if the word "arrest" carries a stigma in its most common application.

■ JR's procedural due process claim must be analyzed under the "stigma plus" test. *See Sadallah v. City of Utica,* 383 F.3d 34, 38 (2d Cir.2004) ("[W]here a plaintiff's allegations would be sufficient to demonstrate a government-imposed stigma, such defamation is not, absent more, a deprivation of a liberty or property interest protected by due process."). "To prevail on a 'stigma plus' claim, a plaintiff must show (1) the utterance of a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Id.* (quoting *Doe v. Dep't of Pub. Safety ex rel. Lee,* 271 F.3d 38, 47 (2d Cir.2001)). JR cannot satisfy these requisites, as the statement in question was not "made public," *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 446 (2d Cir.1980), or "utter[ed]," *Sadallah,* 383 F.3d at 38: The word "arrest" was only used for internal record keeping purposes and not included in JR's background report.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.