11-737-cv
Rathbun v. DiLorenzo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                      *Circuit Judges*.
_____

JAMES W. RATHBUN,

                      *Appellant*,

             -v-                                          11-737-cv

JOSEPH DiLORENZO, DR. MICHAEL J. DiGERONOMO,
EDWARD MEHRHOF,

                      *Appellees*.
_____

Appearing for Appellant:     Christopher Watkins, Sussman & Watkins, Goshen, NY (Michael
                             H. Sussman, *on the brief*)

Appearing for Appellee:      Brian S. Sokoloff, Sokoloff Stern LLP, Westbury, NY

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

James W. Rathbun appeals from the February 8, 2011 memorandum order and judgment of the United States District Court for the Southern District of New York (Swain, *J.*) granting defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In order for a private citizen to state a claim for First Amendment retaliation against a public official, he must plead and prove: (1) he engaged in speech protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) there was a resultant and "actual chill[ing]" of his exercise of that constitutional right. *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001).

Rathbun argues that the district court erred in dismissing his complaint because it did not draw all reasonable inferences in his favor with respect to his allegations of actual chill. Specifically, he alleges that the following three paragraphs in his complaint "read together plainly assert that, as a reasonable person, plaintiff's speech acts were deterred by the defendant's retaliatory conduct, which caused him embarrassment, humiliation, mental anguish and stress:"

> ¶ 38: By dint of this conduct, defendants intended to discourage and chill plaintiff's constitutionally protected speech.
>
> ¶ 39: A reasonably prudent person of normal will, faced with this retaliation, would have his speech chilled and deterred by defendants' retaliatory conduct.
>
> ¶ 40: Defendants' conduct has caused plaintiff embarrassment and humiliation, as well as mental anguish and stress.

Whatever inferences can be drawn from these three paragraphs, it is clear that none, alone or in combination, alleges actual chill. Paragraph 39 addresses only what fate would have befallen a "reasonably prudent person of normal will"; it does not allege an actual or subjective chilling of Rathbun's speech. Paragraph 40 has nothing to do with chilling at all but relates to certain emotional harm Rathbun alleges that he suffered. And paragraph 38, even construed in favor of Rathbun, does not allege that his speech was actually chilled.

Indeed, in this case, we know affirmatively that his speech was not chilled. That is, Rathbun is quoted in the newspaper article that reported on the Comptroller's audit (which he references in his complaint) accusing the school officials of defamation. Accordingly, there was no error in the district court's conclusion that Rathbun failed to allege a central element of a First Amendment claim; Rathbun has failed to "allege that his speech was chilled in fact or that his behavior changed as a result of Defendants' actions." *Rathbun v. DiLorenzo*, 2011 WL 666204, at * 2 (S.D.N.Y. Feb. 8, 2011)

2

Qualified immunity shields government officials from civil suits for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To rule on the issue of qualified immunity, courts generally proceed in two steps. First, courts usually address the threshold question of whether the complaint alleges the deprivation of an actual constitutional right. See *Wilson v. Layne*, 526 U.S. 603, 609 (1999). The Supreme Court has explained that "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, "if a violation could be made out on a favorable view of the parties' submissions," courts then proceed to step two, which involves an inquiry as to "whether the right was clearly established" at the time of the act grieved. *Id.* Whether a right was clearly established at the relevant time is a question of law, whereas the question of whether an official's conduct was objectively reasonable is a mixed question of law and fact. *Kerman v. City of New York*, 374 F.3d 93, 108-09 (2d Cir. 2004).

*Saucier*'s two-step framework, while often helpful, is not mandatory; the Supreme Court has recognized that a court may, in its own discretion, refrain from determining whether a constitutional right has been violated and instead move directly to the question of whether a constitutional right was clearly established at the time the defendant acted. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) ("[W]hile the sequence of events set forth [in *Saucier v. Katz* ] is often appropriate, it should no longer be regarded as mandatory."). Such an exercise of discretion is particularly appropriate where a case presents "difficult constitutional questions" and "there is available an easier basis for the decision (e.g., qualified immunity) that will satisfactorily resolve the case before the court." *Id.* at 235 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004)(Breyer, *J.*, concurring); *accord Higazy v. Templeton*, 505 F.3d 161, 179 n. 19 (2d Cir. 2007) ("We do not reach the issue of whether Higazy's Sixth Amendment rights were violated, because principles of judicial restraint caution us to avoid reaching constitutional questions when they are unnecessary to the disposition of a case.").

In determining whether a particular right was clearly established at the time a defendant acted, this Court considers whether: (1) the right in question was defined with "reasonable specificity"; (2) the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991). Under this rubric, the dispositive question is whether it was "objectively legally reasonable," at the time of the challenged action, for the government official to have believed his actions were lawful. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *see also Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987).

Here, we address the second prong first, as the conduct Rathbun complains of does not constitute a First Amendment violation. "Disparaging, accusatory, or untrue statements" about a private citizen, without "threats, intimidation, or coercion," constitute speech protected under the First Amendment. *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 70-71, 72 (2d Cir. 1999) (citations omitted). In other words, even if Rathbun's allegations could support a defamation or libel suit, they do not set forth a federal constitutional tort claim. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation, however, is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action.").

3

In this case, there was no allegation that the defendants threatened Rathbun in any way. At most, they made defamatory or libelous statements about him. Accordingly, their conduct does not implicate the First Amendment, and thus Rathbun's complaint does not state a violation of a constitutional right.

We have examined the remainder of Rathbun's arguments and we find them to be without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4