13-498-cv
*Balentine v. Tremblay*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand fourteen.

PRESENT:
        JOSÉ A. CABRANES,
        SUSAN L. CARNEY,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––

KRISTOPHER BALENTINE,

      *Plaintiff-Appellant*,

        v.                                No. 13-498-cv

THOMAS TREMBLAY, in his individual capacity, JEFFREY WALLIN, in his individual capacity as director of Vermont Criminal Information Center, MAX SCHLEUTER, in his individual capacity as director of Vermont Criminal Information Center,

      *Defendants-Appellees*,

ANDREW PALLITO, in his official capacity as Commissioner of Vermont Department of Corrections, KEITH FLYNN, in his official capacity as Commissioner of the Vermont Department of Public Safety,

      *Defendants.*[*]

––––––––––––––––––––––––––––––––––––––

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

FOR PLAINTIFF-APPELLANT:  BRIAN MARSICOVETERE, Marsicovetere Law
Group, White River Junction, VT.

FOR DEFENDANTS-APPELLEES:  JONATHAN T. ROSE, Assistant Attorney
General, Office of the Attorney General of
Vermont, Montpelier, VT.


**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that that the January 10, 2013 judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*) is **AFFIRMED**.

Plaintiff-appellant Kristopher Balentine ("Balentine") appeals from a judgment of the District Court granting in part the motion of defendants-appellees, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Balentine's First Amended Complaint (the "complaint"). We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

The complaint, supplemented by the addendum to Balentine's opening brief, alleges the following. In November 2003, Balentine was convicted of third degree rape in New York for consensual sexual relations with a minor. Upon moving to Vermont in May 2007, in accordance with Vermont law, Balentine registered as a sex offender on a centralized sex-offender registry and reported for fingerprinting and photographing. Although Vermont law now requires the Vermont Department of Safety ("DPS") to refer all registered sex offenders for an assessment of their likelihood to reoffend, Balentine never received such a referral or a risk assessment. Following his registration, Balentine continued to reside and work in Vermont from 2007 through 2010.

Vermont law also requires the maintenance of an online sex-offender registry (the "online registry"), accessible to the public, which contains information such as a photograph of the sex offender, personal information, crime of conviction, and an assessment of risk to reoffend. *See* 13 V.S.A. § 5411a. For sex offenders who have not been subject to a risk assessment, DPS is required to post a statement on the online registry that the "offender has not been so assessed and that such a person is presumed to be high risk." *Id.* § 5411a(b)(12).

In 2009, the legislature expanded the scope of the online registry to include offenders, like Balentine, who, prior to taking up residence in Vermont, had been required to register as sex offenders in other jurisdictions. *See* 2009 Vt. Acts & Resolves No. 58, § 9 (adding 13 V.S.A. § 5411a(a)(7)). The new law contained an opportunity for out-of-state offenders to avoid placement on the online registry by showing that they had "successfully reintegrated into the community." *Id.*

2

§ 11(3)(A). Before placing out-of-state offenders' profiles on the online registry, DPS was required to provide each offender with notice of the opportunity to petition for a "successful reintegration" exemption. *Id.* § 11(3)(B)(ii). For those who filed such a petition, the Vermont Department of Corrections ("VDOC") was required to decide whether the offender had successfully reintegrated into the community. *Id.* §§ (3)(A) and (3)(B)(iii). If VDOC found that the offender had "successfully reintegrated into the community," then the person would not be placed in the online registry. *Id.*

In 2010, DPS posted Balentine's photo and information to the online registry without the notice and opportunity for a hearing required by the statute. Because Vermont had not conducted a risk assessment, Balentine's "risk status" warned, "No Risk Assessment Available - Presume To Be High Risk To Re-Offend."

Balentine brought suit against defendants in their individual capacities, asserting in Count One of his four-count complaint a violation of his procedural due process rights by defamation under 42 U.S.C. § 1983.[1] On June 4, 2012, the District Court granted defendants' motion to dismiss in part, dismissing, *inter alia*, the individual capacity procedural due process claim pursuant to Rule 12(b)(6). On December 20, 2012, Balentine withdrew his remaining claims, and the Court entered final judgment on January 10, 2013. This timely appeal followed.

## DISCUSSION

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), "accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party." *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

---

[1] Plaintiff does not expressly state in Count One of his complaint that he has asserted a so-called "stigma-plus" defamation claim. However, he alleges that as a result of defendants' conduct, he has "suffered public humiliation, damage to his reputation, loss of employment, personal associations, and the benefits of liberty"—the damages typically associated with a "stigma-plus" defamation claim. Moreover, he states in his opening brief that the issue on appeal is whether he has "plausibly alleged that he was subjected to 'stigma plus' defamation." Accordingly, we will treat plaintiff's procedural due process claim alleged in Count One as a claim for "stigma-plus" defamation, not as a due process claim predicated solely on the violation of a state-created liberty interest. *Cf. Vega v. Lantz*, 596 F.3d 77, 81-82 (2d Cir. 2010) (analyzing under § 1983 both a stigma-plus defamation claim and a due process claim arising from the deprivation of a state-created liberty interest). We describe this sort of defamation claim in more detail below.

In this appeal, Balentine challenges only the District Court's decision to dismiss his procedural due process claims by defamation against defendants in their individual capacities. Defamation by a state actor does not amount to a deprivation of "liberty" or "property" within the meaning of the Fourteenth Amendment, unless accompanied by some interest other than mere loss of reputation. *See Paul v. Davis*, 424 U.S. 693, 711 (1976). Accordingly, to allege a cognizable claim under 42 U.S.C. § 1983 predicated upon an act of defamation, a plaintiff must allege what is colloquially referred to as "stigma-plus" claim: "a stigmatizing statement plus a deprivation of a tangible interest" without due process of law. *Algarin v. Town of Wallkill*, 421 F.3d 137, 138 (2d Cir. 2005). To establish the so-called "stigma plus," a plaintiff must allege two elements: (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," plus (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal citations and quotation marks omitted).

The "plus" requirement must be alleged "*in addition* to the stigmatizing statement," *id.* at 38, because "reputation alone, apart from some more tangible interests" is not "sufficient to invoke the procedural protection of the Due Process Clause," *Paul*, 424 U.S. at 701. Examples of tangible interests recognized by the Supreme Court include the loss of the right to purchase alcohol, *Wisconsin v. Constantineau*, 400 U.S. 433, 434 (1971), foreclosure of the freedom to take advantage of government employment, *Bd. of Regents v. Roth*, 408 U.S. 564, 573-74 (1972), and the extinguishment of the right to public education, *Goss v. Lopez*, 419 U.S. 565, 574-75 (1975); *see also Sadallah*, 383 F.3d at 38 ("Burdens that can satisfy the 'plus' prong under this doctrine include the deprivation of a plaintiff's property, and the termination of a plaintiff's government employment." (citations omitted)).

Even assuming, *arguendo*, that defendants' public statements about Balentine amounted to defamation, Balentine has failed to allege the additional state-imposed burden necessary for invoking the "stigma plus" doctrine. Balentine was properly classified as a sex offender subject to the accompanying registration and notification requirements, and he does not claim that Vermont wrongfully imposed any substantive legal burden on him. Moreover, his alleged reputational damage resulting in the loss of private employment, humiliation, and embarrassment are inadequate to satisfy the "plus" requirement.

Balentine contends that defendants deprived him of the right under Vermont law to notice and an opportunity to be heard prior to the online registry posting. Yet this purported denial of process is not a "plus"—the deprivation of a *tangible* interest—within the meaning of the precedents above. The deprivation of the notice procedures did not impose a burden in addition to the stigma caused by the statement. *Cf. Patterson v. City of Utica*, 370 F.3d 322, 336 (2d Cir. 2004) ("[I]t is the plaintiff's reputational interest, and how that interest can effect [(*sic*)] his standing in the community *and his future job prospects*, that is at issue [in a stigma-plus claim]." (emphasis supplied)). Indeed, the

4

adequacy of the process by which Balentine was placed on the online registry is an inquiry in the doctrinal analysis distinct from the existence of a "stigma-plus" liberty or property right. *See Velez v. Levy*, 401 F.3d 75, 90-91 (2d Cir. 2005) (analyzing whether plaintiff received "all the process to which she was entitled" only after concluding that she had alleged a valid "stigma-plus" liberty interest). Accordingly, Balentine cannot bootstrap his complaint by relying on the denial of a notice and a hearing for both the denial of procedural guarantees *and* the deprivation of his liberty or property right. Absent that right, he has no claim upon which relief can be granted.

## CONCLUSION

We have considered all of the parties' arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the January 10, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk