15-4187-cv
Autotech Collision, Inc. v. Incorporated Village of Rockville Centre

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

------------------------------------------------------------------------

AUTOTECH COLLISION INC., BELLMORE COLLISION INC., AUTOTECH II, LORRAINE PILTZ, in her individual and official capacity,
*Plaintiffs-Appellants*,

v.                                                         No. 15-4187-cv

THE INCORPORATED VILLAGE OF ROCKVILLE CENTRE, THE BOARD OF TRUSTEES OF THE VILLAGE OF ROCKVILLE CENTRE,
*Defendants-Appellees*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:          MINDY KALLUS, Law Office of Mindy Kallus, Bronx, New York.

1

APPEARING FOR APPELLEES:     BRIAN M. SHER (Cara A. O'Sullivan, Bryn Goodman, *on the brief*), Kaufman, Borgeest & Ryan LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 3, 2015, is AFFIRMED.

Plaintiffs appeal from the dismissal of their equal protection and due process claims brought under 42 U.S.C. § 1983 against defendants, the Incorporated Village of Rockville Centre ("Village") and its Board of Trustees. To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2008). We decide *de novo* whether plaintiffs carried their pleading burden, construing the pleadings in the light most favorable to them. *See* Fed. R. Civ. P. 12(b)(6); *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 210 (2d Cir. 2012). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Equal Protection

Plaintiffs allege that defendants' selective enforcement of local law violated equal protection. The assertion is conclusory, failing even to identify which local laws are at issue. To the extent plaintiffs' selective enforcement claim pertains to the 2011 change

2

in the Village's bidding process, plaintiffs fail to allege facts showing that the change was infected by gender bias. Insofar as they complain of losing bids, they fail to allege male comparators or other circumstances indicative of gender bias.[1] An assertion that the parties settled a past discrimination claim in a way favorable to plaintiffs is not enough, by itself, to show that the adverse bid decisions here at issue were gender discriminatory. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015) (reiterating Title VII requirement that plaintiff "plausibly allege facts that provide at least minimal support for the proposition that the [decision] was motivated by discriminatory intent" (internal quotation marks omitted)); *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006) (recognizing same standard applicable to equal protection and Title VII claims).

2.  Due Process

To pursue a substantive due process claim, plaintiffs must show egregious, outrageous government conduct injurious to an interest implicit in the concept of ordered liberty. *See, e.g.*, *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005). Plaintiffs' substantive due process claim fails because they do not allege any such interest. To the extent they complain of being denied "the award of the towing contract," J.A. 241, New York law

---

[1] Plaintiffs argue that they adequately pleaded comparators by referencing prior lawsuits, the complaints in which were incorporated by reference into the present complaint. The argument fails, however, because those complaints merely identify two rival towing companies; they do not purport to show that those companies are similarly situated or received preferential treatment in the bidding process at issue.

holds that "[n]either the low bidder nor any other bidder has a vested property interest in a public works contract," *Conduit & Found. Corp. v. Metro. Transp. Auth.*, 66 N.Y.2d 144, 148–149, 495 N.Y.S.2d 340, 343 (1985); *see Local 342, Long Island Pub. Serv. Emps. v. Town Bd. of Town of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) (observing that, where no protectable property interest is established, no fundamental right is implicated, and no substantive due process claim will lie); *cf. Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1343, 1351–52 (2d Cir. 1994) (stating that, under New York law, no due process claim for lost profits is cognizable because "bidders lack property rights in future contracts to be awarded under competitive bidding procedures").

Plaintiffs' "stigma plus" due process claim also fails because they allege only damage to professional and personal reputation and resulting loss of business, injuries that may support state tort claims but not a constitutional action. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (Sotomayor, J.) (observing that "deleterious effects flowing directly from a sullied reputation" such as loss of good will and business "do not constitute a 'plus' under the stigma plus doctrine" (alterations and internal quotation marks omitted)). Allegations that defendants are responsible for "false charges," subjecting plaintiffs to "malicious prosecution by [the] State of New York," J.A. 12, warrant no different conclusion. Assuming *arguendo* that such conduct could satisfy the "plus" element of a due process stigma claim, *see Monserrate v. N.Y. State Senate*, 599 F.3d 148, 158 (2d Cir. 2010), plaintiffs' allegations are conclusory. Specifically,

4

plaintiffs plead no facts plausibly connecting the named defendants to the alleged falsehoods. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. at 676.

3.      Leave To Amend

Plaintiffs argue that the district court erred in dismissing without affording them leave to amend. Plaintiffs never sought that opportunity. "While leave to amend under the Federal Rules of Civil Procedure is freely granted, no court can be said to have erred in failing to grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (citation and internal quotation marks omitted). In these circumstances, we identify no error.

4.      Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5