17-30
Torres v. Graeff

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
>> Circuit Judges,
> PAUL A. CROTTY,*
>> District Judge.

_____

**Ricco Ray TORRES, Administrator of the Estate of Cindy M. Golden and as Parent and Natural Guardian of A.T., an infant under the age of 10 years, and Joseph Bumbolo, Administrator of the Estate of Michele Bumbolo and Administrator of the Estate of Michael Bumbolo,**
> **Plaintiffs-Appellees,**

-v.-                                        **17-30**

_____

\* Judge Paul A. Crotty, United States District Court for the Southern District of New York, sitting by designation.

James W. GRAEFF, Dzevad Bajrektarevic, Brian Banser, Serif Seferagic, Maynard Anken, John Able, and Jacob Penree, who during their employment, association, and/or affiliation with the City of Utica, New York, City of Utica P
olice Department and City of Utica Fire Department, responded, arrested, investigated, took into custody, appeared or otherwise participated,

<u>Defendants-Appellants</u>,

Faxton-St. Luke's Healthcare, AKA Mohawk Valley Health System, Lingappa S. Amernath, M.D., John Doe, M.D., Adirondack Emergency Associates, Karen Brown, C.S.W., Leslie Congdon, R.N., Alonah Spoor, Nursing Assistant/Care Attendant, Michelle Blanchard, R.N., Securitas Security Services USA, Inc., City of Utica Fire Department, Emergency Medical Services, City of Utica, New York, as the operator of the City of Utica Police Department, Adrian Irizarry and Brian Devins, who during their employment, association, and/or affiliation with the City of Utica, New York, City of Utica Police Department, and City of Utica Fire Department, responded, arrested, investigated, took into custody, appeared or otherwise participated, and James Roe,

<u>Defendants</u>.[1]

------------------------------------------------

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

**FOR APPELLANTS:**          ZACHARY C. OREN, First Assistant
                            Corporation Counsel, City of
                            Utica, New York, Utica, NY.


**FOR APPELLEES:**          STEPHANIE A. PALMER, Robert F.
                            Julian, P.C., Utica, NY.


     Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.


     Seven officers of the Utica Police Department appeal from an order of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>) denying their motion to dismiss on qualified immunity grounds a complaint brought against them under 42 U.S.C. § 1983.  "[W]e review the [district] court's determination de novo [and] accept as true all the material allegations of the complaint."  <u>Anderson v. Recore</u>, 317 F.3d 194, 197 (2d Cir. 2003).  Because we find that the complaint fails to allege facts sufficient to make out a constitutional claim of denial of due process on a theory of "state-created danger," we reverse.  <u>Cf.</u> <u>Sadallah v. City of Utica</u>, 383 F.3d 34, 36 (2d Cir. 2004).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.


     The complaint alleges that the manner in which the officers responded to a reported domestic disturbance involving an individual named Paul Bumbolo tacitly encouraged his later triple-homicide and thus violated the substantive due process rights of the three decedents.


     While "a [state actor's] failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause," <u>Pena v. DePrisco</u>, 432 F.3d 98, 108 (2d Cir. 2005) (quoting <u>DeShaney v. Winnebago Cty. Dep't of Soc. Servs.</u>, 489 U.S. 189, 197 (1989)), a state actor may be held liable to a victim of private violence under a theory of "state-created danger" if the actor engaged in conduct that "affirmatively enhanced the risk of [the] violence," <u>Okin v. Vill. of Cornwall-On-Hudson Police Dep't</u>, 577 F.3d 415, 429 (2d Cir. 2009).  In the iteration of this theory relied on by the

complaint, police officers may be found to have enhanced the risk of violence against a victim by providing the eventual aggressor with assurances that he would be permitted to act with impunity.  See id. at 428-30; accord Pena, 432 F.3d at 111 (officers may be liable if they assured the aggressor that he would not be "arrested, punished, or otherwise interfered with while engaging in misconduct . . . likely to endanger the life, liberty or property of [another]").

When, as here, there is no allegation that assurances of that sort were communicated explicitly, we have found that a plaintiff could allege their *implicit* communication only through a showing of "repeated, sustained inaction by [officers] in the face of potential acts of violence."  Okin, 577 F.3d at 28-30.  Thus, in Okin, we found sufficient facts to support a finding that the officers had assured a domestic abuser of his impunity when they responded to his partner's "numerous" reports of abuse "over a fifteen-month period"--including one incident during which he admitted to "smack[ing] [her] around"--"without filing a domestic incident report, interviewing [him], or making an arrest."  Id. at 427, 430.

The facts in the complaint do not support a finding of sustained inaction.  According to the complaint, the officers responded promptly to a single report that the mentally-ill Bumbolo was acting violently, not by allowing him to remain in his home with his three eventual victims and without reprimand, but by placing him under custodial arrest pursuant to New York Mental Hygiene Law § 9.41; utilizing force to handcuff him and detain him in the back of a police cruiser; removing him from the premises and transporting him to a hospital for evaluation in accordance with § 9.41; assisting hospital staff in further immobilizing him with a four-point leather restraint; and instructing hospital staff to contact the police at a specified number before releasing him.  The fact that the officers asked to be contacted at the conclusion of the medical evaluation rather than remain physically present during it cannot be read as having transformed their affirmative "interference" with Bumbolo's violence and their unwaveringly adversarial posture toward him throughout the interdiction into a "plainly

4

transmitted [] message that what he did was permissible and would not cause him problems with authorities."  Id. at 430 (internal quotation marks omitted).  The complaint therefore fails to state a constitutional claim against the officers.

On the facts pled, the tragedy that ensued is simply not one for which the officers may be held liable under the Due Process Clause.

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** with instructions that judgment be entered in favor of the defendant officers on plaintiffs' federal claim.  In addition, because plaintiffs have not alleged a constitutional violation, it appears that plaintiffs' Monell claim against the City of Utica is no longer viable.  See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). Since dismissal of that claim would eliminate the only remaining federal claim, it also appears that the exercise of supplemental jurisdiction over the state-law claims would be inappropriate, absent extraordinary circumstances.  See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).  The district court should address these issues promptly upon remand.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5