Cheng Yong WANG and Xingqi Fu, also known as Frank Fu, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Docket No. 02–6123.

United States Court of Appeals, Second Circuit.

April 2, 2003.

Gerald J. McMahon, Law Office of Gerald J. McMahon, New York, NY, for Plaintiffs–Appellants.

Neil S. Binder, U.S. Attorney's Office Civil Div., Appellate Unit New York, NY, for Defendant–Appellee.

Present: FEINBERG, F,I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the district court is AFFIRMED.

Plaintiffs-appellants Cheng Yong Wang and Xingqi Fu, a/k/a Frank Fu, appeal from a final judgment entered March 27, 2002 in the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*), dismissing for lack of subject matter jurisdiction Plaintiffs' complaint alleging claims for malicious prosecution and false arrest under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.* ("FTCA"). Plaintiffs' claims arise in connection with their arrest on February 20, 1998 and indictment on March 6, 1998 for conspiring "to acquire, receive and otherwise transfer human organs ... from executed Chinese prisoners, for valuable consideration for use in human transplantation" in violation of 18 U.S.C. § 371. After dismissal of the indictment pursuant to the government's request, Plaintiffs filed an action in federal court against the United States under the FTCA, but not before filing an administrative claim with the U.S. Attorney's Office on March 1, 2000. In two separate Orders, the district court dismissed Plaintiffs' claims for lack of subject matter jurisdiction. We agree.

Reviewing de novo the district court's dismissal for lack of subject matter jurisdiction, *see Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997), we examine the complaint on its face to determine whether Plaintiffs' factual al-

legations establish federal jurisdiction over claims grounded in the FTCA. On appeal, the gravamen of Plaintiffs' malicious prosecution claim focuses on the conduct of both the investigative agents and of the informants Paul Risenhoover and Harry Wu.[1]

Conduct taken by law enforcement agents involving an element of discretion, which discretion is based on "considerations of public policy," *Berkovitz v. United States*, 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), is bulletproof from liability under the operative discretionary function exception, 28 U.S.C. § 2680(a). Plaintiffs failed to meet their burden of pleading facts which would support a finding that the conduct of the investigative agents fell outside the scope of the exception. *See United States v. Gaubert*, 499 U.S. 315, 324–25, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). Accordingly, the district court lacked subject matter jurisdiction and dismissal was proper.

For the United States to be held liable for the conduct of the informants under an intentional tort claim, the informants must be both employees acting within the scope of their employment, *see* 28 U.S.C. § 2679(b)(1), and "investigative or law enforcement officials," *see id.* § 2680(h). We need not reach the former question, *see B & A Marine Co., Inc. v. American Foreign Shipping Co., Inc.*, 23 F.3d 709, 713–14 (2d Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 421, 130 L.Ed.2d 336 (1994) (defining an employee for the purposes of the FTCA by reference to the principles of common law agency and looking for either the "power to control" or actual "day-to-day" supervision), because Plaintiffs' complaint fails to allege any

facts that could satisfy the latter, *see* 28 U.S.C. § 2680(h) (defining "investigative and law enforcement officials" as only those officers "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law"). Accordingly, dismissal of the malicious prosecution claim was proper.

Plaintiffs' false arrest claim fares no better. Stating a claim under the FTCA requires a claimant to first present a tort claim to the appropriate federal agency within two years of the claim accruing. 28 U.S.C. § 2401(b). Section 2401's filing requirement is strictly construed, *United States v. Kubrick*, 444 U.S. 111, 113, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), and non-compliance may operate as a jurisdictional bar to proceeding in federal court, *Williams v. United States*, 947 F.2d 37, 39 (2d Cir.1991), *cert. denied*, 504 U.S. 942, 112 S.Ct. 2277, 119 L.Ed.2d 203 (1992). Plaintiffs bear the burden of pleading and proving compliance with Section 2401(b). *Johnson v. The Smithsonian Institution*, 189 F.3d 180, 189 (2d Cir. 1999).

Here, we find that the false arrest claim accrued, as it ordinarily does under federal law, at the time of Plaintiffs' arrest on February 20, 1998. Plaintiffs allege no facts to support accrual upon an event later in time, *cf. Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir.1999) (accrual of § 1983 action for false arrest on conclusion of criminal proceedings where successful claim would necessarily imply invalidity of conviction), nor are we inclined to entertain a request for equitable tolling, as no such request was raised below, *see Amalgamated Clothing & Textile*

---

1. Plaintiffs concede on appeal that the conduct of the prosecuting attorneys is shielded by the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a), from imputing liability to the United States. Having abandoned this avenue on appeal, we need not address it in this order.

*Workers Union v. Wal–Mart Stores, Inc.,* 54 F.3d 69, 73 (2d Cir.1995) ("Generally, a federal appellate court does not consider an issue not passed upon below.") Ultimately, Plaintiffs failed to file an administrative claim within two years of accrual. Accordingly, the district court lacked subject matter jurisdiction and dismissal was proper.

For the reasons stated above, the district court's dismissal of Plaintiffs' claims for want of jurisdiction is hereby AFFIRMED.