*Huntress v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

William L. Huntress, Acquest
Development, LLC,

      *Plaintiffs-Appellants*,

      v.                                        No. 19-1147

United States of America,

      *Defendant-Appellee.*

_____

FOR PLAINTIFFS-APPELLANTS: MICHAEL B. SMITH (Jonathan D. Lupkin, *on the brief*), Lupkin PLLC, New York, NY.

Bradley R. Cahoon, Durham Jones & Pinegar, P.C., Salt Lake City, UT.

Gary T. Cornwell, The Cornwell Law Firm, Wimberley, TX.

FOR DEFENDANT-APPELLEE: CHARLES S. JACOB, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, NY.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants William Huntress and Acquest Development, LLC (collectively, "Plaintiffs") appeal from an order of the district court (Oetken, *J.*) dismissing their complaint against the United States for lack of subject matter

jurisdiction. On appeal, Plaintiffs argue that the district court erred in concluding that their claims, which allege that the government wrongfully prosecuted Plaintiffs, were foreclosed by the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *See* 28 U.S.C. § 2680(a). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

When considering the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* The "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*.

Plaintiffs brought their complaint under the FTCA, which provides jurisdiction in the federal courts and waives the sovereign immunity of the United States in claims involving injuries "caused by the negligent or wrongful act[s] or

omission[s]" of government employees, subject to certain exceptions. 28 U.S.C. § 1346(b)(1). One such exception is found in 28 U.S.C. § 2680(a), known as the "discretionary function exception," which exempts from the FTCA's grant of jurisdiction "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.* § 2680(a). Accordingly, courts must dismiss claims based on the performance of discretionary functions for lack of subject matter jurisdiction. *See, e.g., Fazi v. United States*, 935 F.2d 535, 539 (2d Cir. 1991).

The discretionary function exception applies when two conditions are met. First, the challenged acts must "involve[] an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Second, the judgment must be "of the kind that the discretionary function exception was designed to shield," meaning the conduct is a "governmental action[]" or "decision[] based on considerations of public policy" or susceptible to policy analysis. *Id.* at 536–37; *see also United States v. Gaubert*, 499 U.S. 315, 325 (1991). "[T]he purpose of the exception is to prevent judicial second-guessing of legislative and administrative

4

decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323 (internal quotation marks and citation omitted).

On its face, the gravamen of Plaintiffs' complaint is that EPA agents wrongfully procured and prosecuted indictments against Plaintiffs. *See, e.g.*, App'x at 13 ("The *government's* conduct in indicting Bill Huntress and Acquest . . . *was* unlawful."); App'x at 31 ("Not once, but twice, the EPA procured indictments of Bill Huntress and his company based on [its allegedly unconstitutional] 'interpretation'" of the federal Clean Water Act); App'x at 48 ("By this Complaint Plaintiffs respectfully allege that the EPA's act of 'making an example' of Bill Huntress, and 'hitting him as hard as possible' – by indicting him, publicly accusing him of being a felon, destroying his ability to conduct his business, and subjecting him to possible incarceration in a federal penitentiary – even though a step down from crucifixion, is a Constitutionally unacceptable means for the EPA to make the populace '*really easy to manage*.'"). These allegations, which are grounded in "an agency's decision . . . to prosecute or enforce, whether through civil or criminal process," clearly involved "decision[s] generally committed to an

agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). "[C]ourts have uniformly found" such "quintessential examples of governmental discretion . . . to be immune under the discretionary function exception." *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983); *see also Wang v. United States*, 61 F. App'x 757, 759 (2d Cir. 2003) (summary order) ("Conduct taken by law enforcement agents involving an element of discretion . . . is bulletproof from liability under the operative discretionary function exception.").

Plaintiffs contend that the discretionary function provision nevertheless should not apply to bar claims alleging unconstitutional or illegal conduct, because such conduct is necessarily outside the "permissible" exercise of judgment. Plaintiffs' Br. at 22–23. To be sure, as the district court recognized, "[i]t is, of course, a tautology that a federal official cannot have discretion to behave unconstitutionally or outside the scope of his delegated authority." App'x at 64 (quoting *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1261 (2d Cir. 1975)). But mere conclusory assertions of unconstitutionality cannot carry Plaintiffs' burden of establishing jurisdiction. Here, Plaintiffs' complaint, construed in the light most favorable to Plaintiffs, fails to provide factual

6

allegations that would permit the Court to find that the alleged conduct fell outside the scope of the discretionary function exception. We therefore find that the allegedly wrongful conduct, as described in Plaintiffs' complaint, involved an exercise of discretion and was susceptible to policy analysis. Accordingly, the district court did not err in holding that Plaintiffs' claims were foreclosed by the discretionary function exception to the FTCA.

## Conclusion

We have reviewed the remainder of Plaintiffs' arguments – including that Plaintiffs' claims fall within and are specifically authorized by the law enforcement proviso of the intentional tort exception – and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7